UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph H. Harris, | ) | C/A No. 5:14-621-JMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Kenny Atkinson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a federal prison inmate appearing pro se. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Joseph H. Harris ("Petitioner") is a federal prisoner at FCI-Edgefield. He was convicted in 2006 of bank robbery on a guilty plea entered in the Eastern District of Virginia. Pet. 2, ECF No. 1. On November 1, 2006, he received an enhanced sentence of 188 months, which he now claims was improperly entered. *Id*. at 3. According to Petitioner, the sentencing judge improperly relied on statements contained in the Pre-Sentencing Report ("PSR") filed in his criminal case and not on facts found by a jury to support the upward deviation from the base sentencing guidelines range in Petitioner's case. Petitioner asserts that the judge's reliance on the PSR and upward deviation from the basic guidelines sentence in reliance on United States Sentencing Guidelines Manual § 4A1.3

(sentencing guidelines) was improper because, according to Petitioner, he does not qualify as a "career criminal." *Id*. at 8.

Petitioner unsuccessfully raised a sentencing claim (objecting to the upward departure/enhanced sentence) in his initial appeal to the Fourth Circuit Court of Appeals. *United States v. Harris*, 241 F. App'x 88, 91-92 (4th Cir. 2007). He also raised sentencing claims in his initial § 2255 motion in the Eastern District of Virginia, *United States v. Harris*, Crim. No. 3:06-CR-00163-1 (E.D. Va.), and in the attempted appeal from that decision to the Fourth Circuit Court of Appeals, *United States v. Harris*, 441 F. App'x 976, 977 (4th Cir. 2011), both of which were also unsuccessful. Petitioner also requested authorization from the Fourth Circuit to file a second § 2255 in the sentencing court, but authorization was denied on January 6, 2014. Pet. 5, ECF No. 1. Petitioner does not cite to any particular recent case or other change in substantive law since the time of his sentencing as support for his decision to raise his claims in this court under 28 U.S.C. § 2241, nor does he argue that the § 2255 remedy is ineffective and inadequate under the circumstances of his conviction and sentence. *Id*. at 4, question 9 (left blank). He asks this court to order an evidentiary hearing on a request for re-sentencing. *Id*. at 9.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v.*

2

*Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be summarily dismissed.

## DISCUSSION

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because Petitioner's sentencing claim is cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is/was inadequate or ineffective. Prior to enactment of 28 U.S.C. § 2255, the only

3

way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which is present in this case. Essentially, § 2241 is an appropriate basis for a habeas petition when a prisoner challenges the execution of his/her sentence, but it is not generally available when the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991).

Petitioner's allegations about the type of evidentiary support used by the sentencing court for its upward deviation from the guideline sentence and for the enhanced sentence he received go to the underlying validity of his sentence, rather than to the manner of execution of that sentence.

4

As stated above, such matters are not properly considered under § 2241 unless Petitioner can come within the § 2255 savings clause by showing that this is an exceptional case where § 2255 is neither an adequate nor effective remedy for those issues. *See In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000); *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1977); *Farrow v. Revell*, No. 13-6804, 2013 WL 5546155, *1 (4th Cir. Oct. 9, 2013).

With regard to the application of the savings clause to § 2241 petitions, it is settled in this circuit that the possibility that a § 2255 motion filed by a petitioner in his or her criminal case might be found untimely, successive, or otherwise procedurally barred does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d at 1194 n.5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001)(collecting cases). Here, Petitioner makes no "ineffective or inadequate" argument in his Petition; however, even if he did attempt such an argument, it should be summarily rejected. According to his Petition, Petitioner asked the Fourth Circuit for permission to file a successive § 2255 motion in his case in the Eastern District of Virginia, but that request was allegedly denied earlier this year. Pet. 5, ECF No. 1. However, the fact that such authorization is denied by the applicable court of appeals, thus causing the petitioner to be procedurally barred from filing a successive petition, does not make the § 2255 remedy inadequate or ineffective. *See, e. g.*, *Jiminian*; *In re Jones*; *In re Vial*. Because Petitioner makes no showing that his situation is exceptional or that the § 2255 remedy is inadequate or ineffective in his situation, this court should not exercise subject matter jurisdiction over the § 2241 Petition submitted in this case.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

April 18, 2014                                          Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).