# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Joseph H. Harris, ) | |
| ) | Civil Action No. 5:14-cv-00621-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Kenny Atkinson, Warden, FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |

Petitioner Joseph H. Harris ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his sentence of 188 months for a conviction of one count of bank robbery upon a guilty plea. (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial handling. On April 18, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court summarily dismiss the Petition without prejudice. (ECF No. 14.) This review considers Petitioner's Objection to the Magistrate's Report and Recommendation ("Objections"), filed May 2, 2014. (ECF No. 18.) For the reasons set forth herein, the court **ACCEPTS** the conclusions of the Magistrate Judge's Report and thereby **DISMISSES** the Petition. (ECF No. 1.)

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 14.) The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is currently in custody at the Federal Correction Institution in Edgefield, South Carolina. Petitioner entered a guilty plea of one count of bank robbery in the Eastern District of Virginia in 2006 and received an enhanced sentence of 188 months on November 1, 2006. *United States v. Harris*, Criminal Action No. 3:06-cr-00163-REP-1, ECF Nos. 33, 47 (E.D. Va. 2006) ("Harris Conviction"). Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed his conviction. *United States v. Harris*, 241 F. App'x 88, 91–92 (4th Cir. 2007) ("Harris Initial Appeal"). While Harris Initial Appeal was pending, Petitioner also filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 (Harris Conviction at ECF No. 66), which the Eastern District of Virginia denied. (*See* Harris Conviction at ECF No. 65.) Petitioner also raised sentencing claims in his initial § 2255 motion in the Eastern District of Virginia, and again in the attempted appeal from that decision to the Fourth Circuit Court of Appeals, both of which were unsuccessful. *See United States v. Harris*, 441 F. App'x 976, 977 (4th Cir. 2011). Most notably, Petitioner also requested authorization to file a second § 2255 in the sentencing court, but authorization was denied on January 6, 2014. (*See* Harris Conviction at ECF No. 111.)

Petitioner filed this Petition pursuant to § 2241 on February 26, 2014, challenging his sentence enhancement and asserting that the district court committed a procedural error by improperly relying on statements in the Pre-Sentence Report ("PSR") to enhance his sentence based on the United States Sentencing Guidelines Manual ("USSG") § 4A1.3. (ECF No. 1.) On April 18, 2014, the Magistrate Judge issued the Report, recommending the court summarily dismiss the Petition. (ECF No. 14.) In the Report, the Magistrate Judge found that Petitioner's claim should be dismissed because Petitioner's sentencing claim is cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241 (ECF No. 14 at 3). Furthermore, Petitioner has not

2

shown that his claim is an exceptional case in which the remedy under § 2255 is inadequate or ineffective. (*Id.*) Finally, the Magistrate's Report concluded that even if Petitioner did show that the remedy available under § 2255 was inadequate or ineffective, he is procedurally barred from raising the issue in this court. (ECF No. 14 at 5.)

Petitioner timely filed his Objections on May 2, 2014. (ECF No. 18.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir.

1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Petitioner challenges only his sentence enhancement based on the policy statements in USSG § 4A1.3(A)(4)(B), not the validity of his conviction. (ECF No. 1 at 8–9.) Although a Petition filed pursuant to § 2241 is available if a petitioner can satisfy the three requirements of the savings clause of § 2255 as outlined in *In re Jones*, that option is limited to challenges to the underlying conviction, not those challenges solely to the sentence. *In re Jones*, 226 F.3d at 333–34. The Fourth Circuit has reiterated the § 2255 savings clause requirement as it relates to convictions, not sentences, as follows: "Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners only challenging their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (noting that *In re Jones* addressed the use of a § 2241 Petition in instances in which § 2255 is inadequate to test the legality of a *conviction*, but does not mention challenging the legality of a *sentence*).

Petitioner alleges that the sentencing court abused its discretion by basing the upward departure from the USSG enhancement on evidence not contained in the PSR. (ECF No. 1 at 8–9.) This allegation by Petitioner speaks directly to the calculation of 188 months that the sentencing judge arrived upon beginning with the base level offense of the bank robbery, plus the enhancement for Petitioner's criminal history. (ECF No. 1 at 8–9; ECF No. 18 at 2–3.) Since the Petitioner has not challenged the bank robbery conviction independent of the sentencing

4

calculation, an appropriate challenge under § 2241 would require the Petitioner to show that his case is exceptional within the § 2255 savings clause, and § 2255 is neither an adequate nor effective remedy for those issues. *In re Jones*, 226 F.3d 328, 333; *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

The only assertion made by the Petitioner that his case is exceptional is his statement that "the § 2241 remedy is the only way to be granted relief." (ECF No. 18 at 3.) Indeed, Petitioner maintains the *option* of § 2241 relief, but Petitioner incorrectly asserts that being procedurally barred from challenging a sentence under § 2255, mechanically renders his circumstances exceptional and qualifies as inadequate or ineffective. It is settled in the Fourth Circuit that an untimely, successive, or otherwise procedurally barred motion by a petitioner does not render the § 2255 remedy inadequate or ineffective. *In re Vial*, 115 F.3d at 1194 n.5 (noting an individual who is procedurally barred from relief afforded by § 2255 is not rendered inadequate or ineffective (citing *Garris v. Lindsay,* 794 F.2d 722, 726–27 (D.C. Cir.1986) (per curiam)). The Fourth Circuit has referenced unanimous consensus among the circuits on the issue of improper sentencing enhancements claims being challenged under § 2241 by way of the § 2255 savings clause exception. *See Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) ("Because our cases have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction, and because the only case from a sister circuit holding to the contrary has been vacated, we decline to extend the reach of § 2255's savings clause."); *see also Gilbert v. United States*, 640 F.3d 1293, 1312 (11th Cir. 2011) ("Every circuit to decide this issue has reached the same conclusion we do: the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h).").

5

In this matter, Petitioner has clearly exhausted his ability to challenge his sentence through § 2255 as evidenced by the sentencing court's January 6, 2014 denial of authorization to file a second § 2255 claim. (*See* Harris Conviction at ECF No. 111.) Petitioner offers many objections with accompanying potential justification of improper sentence calculations. (ECF No. 18.) However, neither the objections to the Magistrate Judge's Report, nor his initial petition can defeat the bar against challenging a sentence through the vehicle of a § 2241 Petition under the savings clause, and thus the court declines to address them.

### III. CONCLUSION

Based on the aforementioned reasons and thorough review of the Report and Recommendation of the Magistrate Judge and the record in this case, the court **ACCEPTS** the ultimate conclusions of the Magistrates Judge's Report (ECF No. 14). It is therefore ordered that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

United States District Judge

June 1, 2015
Columbia, South Carolina